IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02457-MSK-CBS

GINESSA RHUE,

        Plaintiff,

v.

CAR TOYS, INC., and
BRUCE CAMERON,

        Defendants.

---

**ORDER DISMISSING CLAIMS**

---

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss **(#14,#15)**, to which the Plaintiff responded **(#21)** and the Defendants replied **(#22)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

Subject matter jurisdiction is contested. Therefore, for purposes of determining the instant motion, the Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

The background to this case actually begins in another case, *Britton v. Car Toys, Inc.*, Civil Action No. 05-cv-00726-WYD-KLM. In that action, the plaintiff, Monica Britton, sought to assert claims of sex discrimination on behalf of a class against Car Toys, Inc. and Bruce Cameron. Ms. Britton claimed that women were prevented from obtaining management positions

at Car Toys due to discriminatory promotion policies and a corporate culture which rendered the work environment to be sexually hostile. She also asserted several claims solely on her own behalf. She sought certification of a class defined as "All women employed by Car Toys or who applied for management positions with Car Toys from 2000 through January 1, 2006 who have been subjected to Car Toys' discriminatory policies and practices related to promotion, harassment and retaliation." Such request was limited to putative class members located in Colorado. The defendants opposed certification of the class because it included women who did not exhaust administrative remedies.

Judge Daniel denied Ms. Britton's motion for class certification on November 30, 2006. He concluded that although the requirements for class certification under Fed. R. Civ. P. 23(a) were met, the class could not be certified under Rule 23(b).

The Plaintiff in the instant action, Ginessa Rhue, claims to have been a member of the putative class in the action commenced by Ms. Britton. One week after Judge Daniel's ruling, she commenced this action. In her Complaint **(#1),** she alleges that the Defendants failed to provide her with the same training and opportunities given to similarly situated males, failed to promote her to the position of Install Manager, subjected her to a hostile work environment, and discriminated against her in the terms and conditions of her employment. She asserts claims under Title VII of the Civil Rights Act of 1964, as well as under Colorado law.

The Defendants move to dismiss the Plaintiff's claims for lack of subject matter jurisdiction. The Plaintiff opposes the motion.

### III. Issue Presented

The issue presented is whether the Court has subject matter jurisdiction over any of the Plaintiff's claims asserted under Title VII.

### IV. Analysis

The Defendants contend that the Plaintiff has failed to exhaust administrative remedies on her Title VII claims, because she filed no charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Colorado Civil Rights Division ("CCRD"). They also ask that the Court decline to exercise jurisdiction over the state law claim if the two Title VII claims are dismissed.

The Plaintiff concedes that she filed no charge of discrimination with either the EEOC or the CCRD. However, she contends that her claims were exhausted by Monica Britton, and that Ms. Britton's EEOC charge is the operative charge in this case.

Pursuant to 42 U.S.C. § 2000e-5, an employee who believes that he or she was discriminated against can commence a civil action after exhausting administrative remedies. The exhaustion of administrative remedies is a jurisdictional prerequisite to suit. *Woodman v. Runyon,* 132 F.3d 1330, 1341 (10th Cir. 1997). The purposes of this exhaustion requirement are to give employers notice of the alleged violation and its scope, and to give the EEOC an opportunity to conciliate the complainant's claim. *See Jones v. U.P.S., Inc.,* 502 F.3d 1176 (10th Cir. 2007).

The Tenth Circuit has recognized an exception to the exhaustion requirement called the "single filing" or "piggybacking" rule. *See Foster v. Ruhrpumpin, Inc.,* 365 F.3d 1191, 1192 (10th Cir. 2004) (an ADEA case). Under this rule, a plaintiff who fails to file a charge of discrimination can sue based upon a charge of discrimination filed by someone else whose claims

arise out of the same circumstances in the same time-frame.[1]  *Id.* at 1197.  In other words, if the plaintiff could have filed a timely EEOC charge at the time when someone else filed an EEOC charge addressing a claim arising out of the same circumstances, then the plaintiff can rely upon the other person's EEOC charge in proceeding on a Title VII claim.  *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1109-10 (10th Cir. 2001).

The purpose of the single filing rule is to give effect to the remedial purposes of Title VII by not excluding suitable plaintiffs from an action simply because they have not presented an EEOC charge when the purposes of the exhaustion requirement – notice to the employer and an opportunity for EEOC conciliation – have been satisfied.  *Foster,* 365 F.3d at 1197.  The single filing rule also constitutes judicial recognition that it would be wasteful for employees with the same grievance to bombard the EEOC with multiple, identical charges.  *Id.*  Consistent with these purposes, the single filing rule has been applied in class and multi-plaintiff actions where there has been a pattern or practice of discrimination and the plaintiff is similarly situated to the person who filed the EEOC charge.  *Id.* at 1197-99; *Thiessen*, 267 F.3d at 1110.

However, the Tenth Circuit has not applied the single filing rule outside the context of a class action or multi-plaintiff action.  Some courts have refused to apply the single filing rule to a single-plaintiff case.  *See DeWalt v. Meredith Corp.,* 484 F. Supp. 2d 1188, 1196 (D. Kan. 2007); *see also Price v. Choctaw Glove & Safety Co., Inc.,* 459 F.3d 595, 599 (5th Cir. 2006); *but see Tolliver v. Xerox Corp.,* 918 F.2d 1052 (2d Cir. 1990) (allowing individual ADEA actions following class decertification).  This Court concludes that the single filing rule cannot be applied

---

[1] This is the broadest test for application of the single filing rule.  For purposes of this ruling, the Court assumes that this broad test applies.

to single-plaintiff cases because it undermines the two main purposes of the exhaustion requirement. An EEOC charge filed on behalf of others similarly situated gives notice to an employer of a class or multi-plaintiff action in which there is a common violation. It does not give notice of multiple, single-plaintiff actions in which the asserted claims vary factually from one case to the next. In this regard, it also does not give the EEOC notice of the breadth of the claims which it must conciliate.

Here, the single filing rule does not apply for several reasons. First, this is a single-plaintiff action. More significantly, however, the claim exhausted by Ms. Britton on behalf of others is not the claim which the Plaintiff seeks to assert in this lawsuit. The Plaintiff relies, in specific, upon Ms. Britton's charge of discrimination filed with the EEOC and CCRD on August 18, 2003, in which Ms. Britton claimed:

> I was hired by Respondent [Car Toys, Inc.] April 23, 2001 as Assistant to the Regional Manager. Throughout my employment, I have been denied promotions to store manager positions while less qualified white males are promoted to these positions.
>
> This discrimination is ongoing and systemic. Respondent engages in a pattern and practice of discrimination in that **white males are promoted to store manager positions while non whites and females are not.**
>
> I am being discriminated against on the basis of gender and race in violation of Title VII of the Civil Rights Act of 1964 and the Colorado Anti-discrimination Act, all as amended. **All persons similarly situated are also victims of this systemic discrimination**. (Emphasis added).

To the extent a claim was exhausted by Ms. Britton on behalf of others, it was that "white males are promoted to store manager positions while non whites and females are not." Here, the Plaintiff's claim of hostile work environment clearly falls outside the circumstances complained of

5

by Ms. Britton. In addition, Plaintiff's failure to promote claim is different than that asserted by Ms. Britton. The Plaintiff complains that she was not notified of opportunities for promotion or trained for a management position. The only position she specifically describes is the position of Install Manager who oversees the employees who install car stereo products into a customer's vehicle. This is distinct and different from a Store Manager position in which the manager oversees sales staff, product sales and store inventory. Thus, the Plaintiff's claims are not the same or substantially similar to those of Ms. Britton.

Thus, the Court lacks jurisdiction over the Plaintiff's Title VII claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over her state law claim.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss **(#14)** is **GRANTED.** The Clerk of Court is directed to close this case.

Dated this 13th day of November, 2007

                                        **BY THE COURT:**

                                        */s/ Marcia S. Krieger*

                                        Marcia S. Krieger
                                        United States District Judge